THE STATE, CELESTE H. CHASMER, PROSECUTRIX, v. ISAAC N. BLEW ET AL.

The act of March 4th, 1880 (*Rev. Sup.*, p. 877), amendatory of the supplement to the Road act of March 27th, 1874 (*Rev.*, p. 1019), applies to applications for the vacation of a part of an existing highway, within the prescribed distance, and the relaying of the highway in another place; when it appears that the proposed relaying is upon land already devoted to and accepted as a public road, the said acts are not applicable.

On *certiorari* in matter of road.

Argued at June Term, 1892, before Justices VAN SYCKEL, MAGIE and GARRISON.

For the prosecutrix, *Alan H. Strong.*

For the defendants, *Robert Adrain.*

The opinion of the court was delivered by

MAGIE, J. The proceedings before us for review were taken under a supplement to the Road act of March 27th,

1874 (*Rev.*, *p.* 1019), as amended by an act of March 4th, 1880. *Rev. Sup.*, *p.* 877.

The object of these acts is to provide a mode of altering an existing highway, within a certain distance, by vacating a part thereof and by relaying the highway in another place.

Jurisdiction to proceed under these acts will exist, therefore, when there is an existing highway, a part of which, not exceeding the prescribed length, it is proposed to vacate, and a proposed location and laying out of a highway instead of the vacated portion and in another place.

But jurisdiction to merely vacate a portion of a highway does not arise under the legislation in question. *Parkhurst* v. *Vanderveer*, 19 *Vroom* 80.

The application to the Court of Common Pleas in the case before us asked for the appointment of surveyors to vacate a portion of a public road not exceeding the length mentioned in the acts, and to lay out in its stead another road, which it declared to have been " laid out, formed, graveled, dedicated to and used by the public for the past three years."

On the face of this application there was a sufficient statement that the road proposed had already been laid out and impressed with a public use as a highway.

The evidence taken under the rule further shows that the public had accepted and worked the road thus proposed to be laid out.

It was therefore already a highway, and the application for the appointment of surveyors was, as to that, futile and improper. Eliminating that from the application, nothing is left but the proposal to vacate, and that does not give jurisdiction under the acts in question.

Without considering the other questions presented, the proceedings must, for this reason, be vacated and set aside, with costs.